### LEFFINGWELL v. GILCHRIST.

1. **Instruction:** NOT PERTINENT. It is error to give an instruction not pertinent to any evidence in the case.

2. **Damages:** WHEN TOO REMOTE: EVIDENCE. L. claimed damages for the conversion of a file of the newspaper of which he was editor for the period of two years. It appeared that this was the only editorial service he had ever performed, and that at the time of the trial he was not an editor. He was permitted to testify to the inconvenience and damage an editor would experience by the loss of his file: *Held*, that the injury was too speculative and remote to entitle him to recover.

*Appeal from Clayton Circuit Court.*

MONDAY, APRIL 26.

FROM November, 1870, until November, 1872, plaintiff was in the employ of the McGregor News Printing Company, as editor of the McGregor Weekly News. During this time, and for about four years prior thereto, four copies of each issue of this paper were folded up and laid away in a drawer in the printing office.

Plaintiff claims that one copy of the paper for the whole period was his property.

On the 20th of November, 1872, the sheriff of Clayton county levied on the goods of the McGregor News Printing Company, in the office they occupied, including the drawers in which these papers were packed and their contents, and about the 15 of April, 1873, he sold the property levied upon to the defendant.

In May, 1873, the defendant took from the drawers in question about sixty papers, and used them for the purpose of packing the type, which it seems he had also bought at the sheriff's sale. There was not, upon these papers, any mark or name to indicate their ownership. Afterward defendant sold the case of drawers to one Osborne. After the levy and before the sale, the plaintiff had, from the sheriff, permission to remove any property which he claimed to be his, and he did take away a clock and some books. The papers were left in the drawers from the time the office was closed, in November, 1872, until they were used about May 12th, 1873. On the 19th of December, 1872, the office was rented, and from that time the doors were left open, and the drawers unlocked, and boys and all others had access to them. During this time five persons worked in the office.

The plaintiff claims three thousand dollars for a conversion and destruction of the copy of the paper which, he claims, belonged to him. There was a jury trial, and a verdict and judgment for plaintiff for one hundred and fifty dollars. Defendant appeals.

*Elijah Odell & Son*, for appellant.

*Noble, Hatch & Frese*, for appellee.

DAY, J.—I. We deem it necessary to notice but few of the errors assigned. One point urged is that the evidence does not sustain the verdict.

The court instructed the jury as follows:

"5. It is in evidence that four copies of each issue of the paper, were placed by the employes of the printing company in a case or drawer in the office of the company, containing four files of the papers mixed so together that no particular file

could be distinguished from the others. If you so find, you are instructed that no particular file of such papers so placed in the case or drawer ever belonged to the plaintiff; and if you further find that such papers were levied on, and sold by the sheriff, on an execution in favor of Gilchrist & Hersey, and against the McGregor News Printing Company, and that the defendant in good faith, at the sale purchased such papers, the plaintiff cannot recover in this action." Under the evidence and this instruction, which it was the duty of the jury to follow, and which we think is a correct expression of the law, the verdict should have been for the defendant. We find no conflict in the evidence as to the facts that the four files of papers were mingled in the drawers without any mark or designation; that they were levied upon, and that they were sold at the sheriff's sale. There is no presumption of bad faith upon the part of the purchaser, and there is nothing in the evidence to show that the defendant in making the purchase did not act in the utmost good faith.

Under this instruction the evidence does not sustain the verdict.

II. The court gave the following instruction:

" 10. If you find that the plaintiff was entitled to one copy of each issue of the paper, and that, by his direction it was placed with, and mixed with other copies of the papers belonging to the printing company, and that there was a mutual understanding between the company and the plaintiff, that he was the owner of one file of such paper, and if you further find that the defendant knew such facts, and with such knowledge purchased or converted said papers, including the part thereof belonging to the plaintiff, then you cannot find that he acted in good faith, and in determining whether or not he knew such facts, you are to consider all the circumstances of his connection with, and knowledge of the operations of the printing company."

This instruction should not have been given. There is no evidence to which it is pertinent. The only fact proved

1. INSTRUC-
TION: not
pertinent.

respecting plaintiff's connection with the business of the company is, that he was once president of

the company, and that he ceased to be such president in 1871. Even if it should be conceded that this official position would affect him with notice of an understanding between plaintiff and the company that the plaintiff was the owner of one file of the paper, it cannot be claimed that it would also charge him with notice of the further fact that, by the direction of the plaintiff, his file was placed with, and mixed with other copies of the paper belonging to the printing company.

III. The evidence shows that plaintiff is 43 years old. He has been a farmer, school teacher, clerk, lawyer, soldier and editor. The only editorial service which he has performed was upon the paper in question, from November, 1870, to November, 1872. At the time of the trial he was not an editor.

2. DAMAGES: too remote : evidence.

Plaintiff was permitted to prove, against defendant's objections, the inconveniences which an editor would suffer, and the various modes in which he might be damaged, by the destruction of the files of the paper which he had edited.

Under the circumstances of this case we think damages based upon such considerations are altogether too speculative and remote. The judgment must be

REVERSED.